■ John Honkala, Plaintiff, v Lee E. Gibson Construction Company, Inc., et al., Respondents, and Associates Leasing, Inc., Appellant. [838 NYS2d 626]—

In an action to recover damages for personal injuries, the defendant Associates Leasing, Inc., appeals from so much of an order of the Supreme Court, Orange County (Owen, J.), dated January 17, 2006, as denied those branches of its motion which were for summary judgment on its cross claims for contractual indemnification, common-law indemnification, and to recover damages for breach of contract against the defendants Lee E. Gibson Construction Company, Inc., Howard's Express, Inc., Harold Bailey, Sunrise Industries, and Conway Beam Leasing Inc., without prejudice to renewal upon the conclusion of two related actions entitled *National Union Fire Ins. Co. v Connecticut Indem. Co.* and *Matter of Serio v Legion Ins. Co.*, pending in Supreme Court, New York County, under index Nos. 600403/02 and 402670/03, respectively.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On May 3, 1999 the plaintiff, a tow truck operator, was injured

when a tractor-trailer collided with a disabled vehicle that the plaintiff was assisting on the shoulder of the New York State Thruway. The plaintiff commenced this action against several persons and corporations, including the driver of the tractor-trailer, and Associates Leasing, Inc. (hereinafter ALI), the title owner of the tractor-trailer. Also named as defendants were several other entities alleged to have an ownership interest in the tractor-trailer through a series of leasing agreements (hereinafter the codefendants). After ALI moved, inter alia, for summary judgment on its cross claims for contractual indemnification, common-law indemnification, and to recover damages for breach of contract, ALI and the codefendants entered into an agreement to settle the plaintiff's claim for the sum of $2.4 million. The Supreme Court subsequently denied those branches of ALI's motion which were for summary judgment on its cross claims, without prejudice to renewal upon the conclusion of two related actions pending in Supreme Court, New York County (hereinafter the New York County actions), involving disputes over insurance coverage and priority of the various insurance policies in effect at the time of the subject accident.

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in declining to determine the merits of those branches of ALI's motion which were for summary judgment on its cross claims, and, in effect, staying prosecution of all of the cross claims asserted by ALI and the codefendants pending resolution of the New York County actions (*see Certain Underwriters at Lloyd's London v Pneumo Abex Corp.*, 36 AD3d 441 [2007]). While the issues which remain unresolved in this action and the New York County actions are not completely identical, the substantial identity of the parties and the interdependence of the issues weigh in favor of the Supreme Court's determination to allow those actions to be adjudicated first (*id.*).

Inasmuch as we have now been advised that one of the New York County actions has been disposed of, and that the determinations made in that action resolve many of the coverage disputes between the insurance carriers for ALI and the codefendants in this action, we note that ALI may now renew its motion for summary judgment on its cross claims. Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.